**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 25-160** |
| **v.** | * | **SECTION: "M" (1)** |
| **JULIO VALERIO-SENTENO** | * | |
| **a/k/a "Julio Alberto Valerio-Senteno,"** | | |
| **a/k/a "Julio V. Senteno,"** | * | |
| **a/k/a Valerio J. Senteno"** | | |

* * *

**FACTUAL BASIS**

The defendant, **JULIO VALERIO-SENTENO a/k/a "JULIO ALBERTO VALERIO-SENTENO," a/k/a "JULIO V. SENTENO," a/k/a "VALERIO J. SENTENO" ("VALERIO-SENTENO")**, has agreed to plead guilty as charged to the one-count bill of information charging him with illegal reentry of a previously removed alien in violation of Title 8, United States Code, Section 1326(a).

Should this matter have gone to trial, the government would have proven, through the introduction of competent testimony and other admissible evidence, the following facts, beyond a reasonable doubt, to support the allegations in the bill of information now pending against the defendant:

On or about May 15, 2025, Jefferson Parish Sheriff's deputies executed an Auto Theft related search warrant at 2233 Lafayette Avenue, Harvey, Louisiana. The defendant, **VALERIO-SENTENO**, fled from the scene during the execution of the search warrant. Law enforcement arrested him near the 2200 block of Velva Avenue. While in the Jefferson Parish Jail, law enforcement ran an Immigration Alien Query which produced a positive biometric hit. Local law enforcement contacted federal Enforcement and Removal Operations ("ERO") for

AUSA ______
Defendant ______
Defense Counsel ______

U.S. Immigration and Customs Enforcement ("ICE") officials. Also, record and database checks revealed that **VALERIO-SENTENO** did not receive permission to reenter the United States after being removed/deported.

An immigration judge ordered **VALERIO-SENTENO's** deportation on June 7, 2011. Federal law enforcement removed him from the United States to Honduras on July 1, 2011. At an unknown place and time, but after his initial removal, **VALERIO-SENTENO** again reentered the United States without inspection. On or about February 4, 2012, United States Border Patrol ("BP") Agents encountered **VALERIO-SENTENO** near Brownsville, Texas. BP Agents processed **VALERIO-SENTENO** as an (I-871) Notice of Intent/Decision to Reinstate Prior Order of Removal and removed him from the United States to Honduras on February 27, 2012.

After his second removal, **VALERIO-SENTENO** illegally reentered the United States on March 25, 2013. After his arrest, law enforcement presented **VALERIO-SENTENO's** case for federal prosecution alleging a violation of Title 8, United States Code, Section 1325(a)(1). The government charged and convicted **VALERIO-SENTENO** of a federal misdemeanor offense on April 1, 2013, in the United States District Court, Western District of Texas, Del Rio Division, under criminal docket number DR:13-M-04409(1)-VRG. **VALERIO-SENTENO** served a 180-day sentence in federal prison. ERO Officers removed **VALERIO-SENTENO** from the United States on or about October 2, 2013.

**VALERIO-SENTENO's** Alien file contains a Verification of Removal, his fingerprint, photograph, signature, and sworn statement. The Alien file would confirm **VALERIO-SENTENO's** removal dates. A qualified Fingerprint Specialist would testify that the fingerprints of the individual documented in the Alien File and that of **VALERIO-SENTENO**,

AUSA _D.C._
Defendant _YH_
Defense Counsel _AH_

matched.

The records confirmed that as of May 15, 2025, ERO officers found **VALERIO-SENTENO** in the State of Louisiana, far from any international border. Meaning, **VALERIO-SENTENO's** presence in the United States was voluntary. Also, ERO officers had: (1) actual knowledge of **VALERIO-SENTENO's** physical presence in the United States; and (2) actual knowledge that **VALERIO-SENTENO's** presence in the United States was illegal. ERO officers determined that **VALERIO-SENTENO** was: (1) an alien; (2) a citizen of Honduras; (3) assigned A-file number *** *** 655; and (4) not a citizen or national of the United States.

Testimony of an official from U.S. Citizenship and Immigration Services regarding record checks conducted through the Computer Linked Application Information Management System ("CLAIMS") would show that **VALERIO-SENTENO** did not receive consent from the U.S. Attorney General or the designated successor, the Secretary of the Department of Homeland Security, to apply for readmission or receive permission to reenter the United States since the time of his previous removals.

| | |
|---|---|
| DUANE A. EVANS<br>Assistant United States Attorney | 3/26/26<br>Date |
| Julio Valerio<br>JULIO VALERIO-SENTENO<br>Defendant | 3/26/26<br>Date |
| Jane Hogan<br>JANE HOGAN<br>Attorney for Julio Valerio-Senteno | 3/26/26<br>Date |